UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

FEE DUE

| | |
|---|---|
| LORD MAISON PHIBONACCII,<br>Plaintiff, Pro Se<br><br>v.<br><br>J. CRAIG WILLIAMS (Cal. Bar No. 134308),<br>Defendants | Case No 8:25-CV-02086-SB (E)<br><br>**Complaint for Interference with Federal Proceedings – 42 U.S.C. § 1985(2) (First Clause), Defamation, Intentional Interference with Prospective Economic Advantage (in the alternative), Intentional Infliction of Emotional Distress, Declaratory and Injunctive Relief (28 U.S.C. §§ 2201–2202)**<br><br>**JURY TRIAL DEMANDED** |

**I**

This case arises from Defendant's false, threatening use of federal-agency rhetoric to chill and deter Plaintiff's participation in federal-court matters. After Plaintiff sent a non-commercial, litigation-related update from a personal email account, Defendant replied to accusing Plaintiff of violating federal law, claiming he had been reported to the Federal Trade Commission ("FTC") as a "spammer," and asserting Plaintiff's IP address was placed on a DNS blacklist of spammers. (Exhibit A.)

**II**

**PARTIES**

1. Plaintiff LORD MAISON PHIBONACCI is an individual residing in Los Angeles County, California.

2. Defendant J. Craig Williams (Cal. Bar No. 134308) is a California-licensed attorney who practices with WLC | The Williams Law Corporation, with a listed business

1

address at 1 Park Plz, Ste 600, Irvine, CA 92614-5987, phone (949) 422-7617, email jcraig.williams@wlc-legal.com, website wlc-legal.com. (Exhibit D, State Bar profile.)

## III

## JURISDICTION AND VENUE

3. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Claim One arises under 42 U.S.C. § 1985(2) (first clause). The Court has supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367(a).

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant resides and conducts business here (Irvine, Orange County).

## IV

## FACTUAL ALLEGATIONS

5. Plaintiff is actively involved in federal litigation in the Central District of California and communicates with counsel, parties, and stakeholders about case developments.

6. On or about September 15, 2025, Plaintiff sent a non-commercial, litigation-related update from his personal email account to counsel/stakeholders. The email did not advertise or promote any product or service and was not a commercial newsletter or solicitation.

7. On September 15, 2025 at approximately 2:56 PM (Pacific), Defendant emailed Plaintiff with the subject line "UNSUBSCRIBE." Defendant's message asserted, among other things:

**A.** "Your email violates the Federal Can-Spam Act."

**B.** "You have been reported to the Federal Trade Commission as a spammer"

**C.** Plaintiff's "IP address has been added to the Domain Name Service blacklist (DNSBL) of spammers." (See Exhibit A – email screenshot and .eml with headers.)

8. Defendant's email accused Plaintiff of violating federal law, stated that Plaintiff was reported to a federal agency, and asserted a technical sanction (DNSBL blacklisting) that would impede email communications.

9. These statements were false and misleading. Plaintiff's update was non-commercial litigation communication outside the scope of CAN-SPAM; on information and belief, the claims of an FTC report and DNSBL blacklisting were untrue.

10. Defendant made and disseminated these statements with the purpose and effect of intimidating, deterring, and chilling Plaintiff's communications and participation in federal-court proceedings.

11. As a direct and proximate result, Plaintiff suffered reputational harm, emotional distress, and disruption to ongoing federal case work, including time and expense to investigate, respond, and mitigate.

12. Plaintiff attaches: Exhibit A (the email), Exhibit B (materials reflecting Plaintiff's participation in federal cases), Exhibit C (optional DNSBL lookups showing no blacklist listing for Plaintiff's sending IP around Sept. 15, 2025), and Exhibit D (Defendant's State Bar profile).

V

### CLAIMS FOR RELIEF

**First Claim – Interference with Federal Proceedings**

*(42 U.S.C. § 1985(2), First Clause)*

(Against Defendant)

13. Plaintiff realleges ¶¶ 1–13. Defendants, acting alone or in concert with others known and unknown, conspired to deter, by intimidation or threat, and/or to injure Plaintiff on account of his participation as a party/witness/participant in federal-court proceedings, including through communications in aid of those proceedings.

14. Defendant's September 15, 2025 email (Exhibit A) was an overt act in furtherance of that conspiracy intended to chill Plaintiff's litigation communications and activities.

15. Plaintiff suffered injury, including reputational and emotional harm and disruption of federal-case work. Relief: compensatory and punitive damages; injunctive relief barring further intimidation/retaliation; costs and fees (including under 42 U.S.C. § 1988).

## Second Claim – Defamation (Libel/Slander)

(Against Defendant)

16. Plaintiff realleges ¶¶ 1–17. Defendant published to Plaintiff and/or third parties' statements of purported fact that: (a) Plaintiff "violates the Federal Can-Spam Act," (b) Plaintiff "has been reported to the FTC as a spammer," and (c) Plaintiff's "IP address has been added to the DNSBL of spammers."

17. These statements are false, not protected opinion, and reasonably understood to assert illegal conduct and professional dishonesty; they are defamatory per se or, at least, defamatory with special and general damages.

18. Plaintiff has suffered presumed, general, and special damages in amounts to be proven at trial.

## Third Claim Intentional Interference with Prospective Economic Advantage

(in the alternative)

(Against Defendant)

19. Plaintiff realleges ¶¶ 1–21. Plaintiff maintained ongoing or prospective economic relationships related to litigation support/administrative work with a probability of future benefit.

20. Defendant knew of Plaintiff's roles and intended to disrupt those relationships by disseminating knowingly false accusations of federal illegality and DNS blacklisting.

21. The relationships were disrupted, causing Plaintiff economic harm.

## Fourth Claim – Intentional Infliction of Emotional Distress

(Against Defendant)

22. Plaintiff realleges ¶¶ 1–25. Defendant's conduct—including publicly accusing Plaintiff of federal law violations, asserting FTC reporting, and claiming DNS blacklisting in response to a non-commercial litigation update—is extreme and outrageous.

23. Defendant intended to cause or act with reckless disregard of the probability of causing severe emotional distress; Plaintiff suffered severe emotional distress and related damage.

### Fifth Claim Declaratory & Injunctive Relief

*(28 U.S.C. §§ 2201–2202)*

(Against Defendant)

24. Plaintiff realleges ¶¶ 1–28. An actual controversy exists regarding the lawfulness of Defendant's accusations and threats designed to chill Plaintiff's participation in federal proceedings.

25. Plaintiff seeks a declaration that Defendant's conduct is unlawful and an injunction prohibiting Defendant from:

    **A.** Stating or implying that Plaintiff violates CAN-SPAM or is a "spammer" absent a good-faith factual basis.

    **B.** Threatening or initiating regulatory complaints against Plaintiff to gain litigation advantage; and

    **C.** Republishing the DNSBL/blacklist claim without verification and correction.

26. Plaintiff also seeks an order requiring a written retraction/correction to all original recipients of Defendant's September 15, 2025 email.

## VI

## DAMAGES

27. Plaintiff has suffered and continues to suffer reputational injury, emotional distress, economic loss, and litigation disruption, including time and expense to investigate, respond, and mitigate harm, in amounts to be proven at trial.

28. Defendant's conduct was malicious, oppressive, or fraudulent, warranting punitive damages.

## VII

### *PRAYER FOR RELIEF*

29. Plaintiff prays for judgment against Defendant as follows:

   A. Compensatory damages according to proof.

   B. Punitive damages. Declaratory judgment and permanent injunctive relief as requested. Costs of suit and fees where authorized, including 42 U.S.C. § 1988.

   C. Any further relief the Court deems just and proper.

## VIII

### JURY DEMAND

*Plaintiff demands trial by jury on all issues so triable.*

Dated September 15, 2025                              */s/ Lord Maison Phibonaccii*

Lord Maison Phibonaccii

18612 Willard St RM 1

Reseda, CA 91335

Phibonaccii@icloud.com

Plaintiff, Pro Se

# EXHIBIT A

Email from J. Craig Williams to Plaintiff dated Sept. 15, 2025

(subject "UNSUBSCRIBE")

asserting CAN-SPAM violation, FTC report, and DNSBL blacklisting (screenshot + .eml).

‹ Back    31 Messages    ∧ ∨



From: **J. Craig Williams** ›
To: ★LORD MAISON PHIBONACCII Maison... ›
Today at 2:56 PM

## UNSUBSCRIBE

Your email violates the Federal Can-Spam Act. All unsolicited commercial email messages must include opt-out hyperlinks or other opt-out instructions, a legitimate return email address and the physical postal address of the sender, and also cannot falsify the source, destination, headers or routing information metadata. Because your email does not comply with the terms of the Federal Can-Spam Act, you have been reported to the Federal Trade Commission as a spammer and your IP address has been added to the Domain Name Service blacklist (DNSBL) of spammers.

To all parties still cc'd,

If you no longer wish to be included on this email thread, feel free to respond directly and I will gladly remove you.

Otherwise, buckle up and watch BD&J get exposed.

The filings are moving. The record is real. The accountability is coming.

As for Mr David Michael aka The Tough Guy, kindly let me know if I should begin drafting a new federal or State complaint for:

- Bad faith communications

